UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:09CV-P118-R

**STANLEY LEROY STOKES**                                                                **PETITIONER**

**v.**

**BECKY PANCAKE**                                                                        **RESPONDENT**

### MEMORANDUM AND ORDER

Petitioner Stanley Leroy Stokes filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, a motion to proceed *in forma pauperis*, a motion for evidentiary hearing, and a motion for appointment of counsel.  Each is addressed below.

**A.       Motion to proceed *in forma pauperis***

Since filing his motion to proceed *in forma pauperis*, Petitioner paid the $5.00 filing fee. Accordingly, his motion to proceed without prepayment of fees (DN 3) is **DENIED as moot.**

**B.       Motions for evidentiary hearing and for appointment of counsel**

To determine whether an evidentiary hearing in a habeas action is warranted, "the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7."  Rule 8(a) of the Rules Governing § 2254 Cases.  "If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."  Rule 8(c) of the Rules Governing § 2254 Cases.  Additionally, "[i]f necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."  Rule 6(a) of the Rules Governing § 2254 Cases.  Otherwise, appointment of counsel in a § 2254 action may be provided when "the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  "In determining whether appointment of counsel is required for prisoners seeking habeas relief . . .,

the court should consider the factual and legal complexities of the case, the prisoner's ability to investigate and present claims, the existence of conflicting testimony, and any other relevant factors." *Satter v. Class*, 976 F. Supp. 879, 885 (D.S.D. 1997).

Because an answer has not yet been filed in this action, this Court is without all the information needed to make an evidentiary-hearing determination at this early stage in the litigation. Consequently, the request for an evidentiary hearing is premature. The request for appointment of counsel is also premature for the same reasons, and the Court does not believe that the interests of justice require the appointment of counsel at this early stage. Therefore,

**IT IS ORDERED** that Petitioner's motion for evidentiary hearing (DN 5) and motion for appointment of counsel (DN 6) are **DENIED**. Nothing in this Order, however, shall preclude Petitioner from requesting an evidentiary hearing and/or appointment of counsel at a future point in this action should additional circumstances arise to justify such relief.

**C.     Habeas petition**

On preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[1] **IT IS ORDERED** as follows:

(1)     The Clerk of Court **shall effect service** of the petition (DN 1) on Respondent and the Attorney General for the Commonwealth of Kentucky.

(2)     Respondent shall file an answer herein within **40 days** from the date of entry of this Order. Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he answer must address the allegations in the petition. In addition, it must

---

[1] Rule 4 provides that unless "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, . . . the judge must order the respondent to file an answer, motion, or other response. . . ."

state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." Respondent also shall submit portions of the state court record pertinent to the issues raised in the petition and answer, including but not limited to exhibits, docket sheets, transcripts, and pleadings.

(3) Petitioner may file a reply no later than **15 days** following service of Respondent's answer.

(4) This matter is **referred to Magistrate Judge W. David King** pursuant to 28 U.S.C. §§ 636(b) for appropriate hearings, if any, findings of fact, and recommendations for disposition.

Date:

cc: Petitioner, *pro se*
 Respondent
 Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
 Magistrate Judge King
4413.010