## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

**STANLEY LeROY STOKES**
       Petitioner

**v.**                                                     **No. 5:09CV-00118-R**

**BECKY PANCAKE, Warden**
       Respondent

### MAGISTRATE JUDGE'S REPORT
### and RECOMMENDATION

The petitioner has filed a pro-se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the court upon the respondent's motion to dismiss (Docket Entry No. 11).  The time for filing a response in opposition to the motion has expired.  This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C.  § 636.

The petitioner was convicted of two counts of sodomy and sentenced to thirty years in prison. The victim was a twelve-year old girl.  The petitioner's convictions were affirmed upon direct appeal by the Supreme Court of Kentucky. *Stokes v. Commonwealth*, 275 S.W.3d 185 (2008). The present petition raises the same two claims that were considered and rejected by the Kentucky Supreme Court, to-wit, 1) whether the petitioner's trial was fundamentally unfair in violation of due process in light of the fact that the trial court (Hon. Craig Clymer) allowed the definition of a medical term to be read into evidence outside the context of an expert witness's testimony, and 2) whether the petitioner's due process rights were violated when Judge Clymer answered a jury question during penalty phase deliberations.  We shall consider each claim in turn.

**Standard of Review**

A federal court may not grant a writ of habeas corpus to a state prisoner with respect to any claim adjudicated on the merits unless (1) the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) the state court's decision "was based on an unreasonable application of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). A state court's decision is "contrary to" clearly established federal law under § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). An "unreasonable application" occurs when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.

**First Claim**

The petitioner's first claim involves his defense at trial, which was that he could not have engaged in the sexual act of which he was accused because, at the time of the alleged act, he was being treated by a urologist for erectile dysfunction. The urologist's records indicated that the dysfunction was probably psychogenic. The petitioner's first claim is that Judge Clymer erred in overruling defense counsel's objections on two matters. First, Judge Clymer permitted the Commonwealth to read to the jury the definition of the word "psychogenic" from an unnamed medical dictionary. The word was defined as "produced or caused by psychological factors," the implication being that the petitioner was physically capable of obtaining an erection. Second, during

2

closing argument, Judge Clymer allowed the Commonwealth to argue, in light of the foregoing definition, that the petitioner's psychogenic erectile dysfunction consisted of the fact that "adult women do not sexually arouse him... He is aroused by little girls." However, Judge Clymer admonished the jury that "that's for you to decide, you make the decision yourself."

The Kentucky Supreme Court held that, Judge Clymer did not commit a reversible error in treating a medical dictionary as a "learned treatise" and taking "judicial notice" of the definition of word "psychogenic." The Court further held that Judge Clymer did not err in allowing the Commonwealth's argument to the effect that the petitioner is aroused only by little girls because it was a "rational, reasonable inference" from the evidence presented.

It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). An issue concerning the admissibility of evidence or error in state law does not rise to a level of constitutional magnitude unless it can be viewed as so egregious that the petitioner was denied a fundamentally fair trial. Id. The magistrate judge concludes that, to the extent the petitioner's argument turns upon the proper application of Kentucky evidence law as to "learned treatises" and "judicial notice," the issue is not cognizable herein. We further conclude that, because the information given to the jury was only the uncontroverted definition of a term already referred to in evidence, not new proof, there was no error of constitutional magnitude.

### Second Claim

The petitioner's second and final claim pertains to Judge Clymer's provision of information to the jury after they had retired for deliberations during the penalty phase of trial. In its case-in-chief, the Commonwealth informed the jury that the petitioner had previously been

convicted of second-degree sexual abuse and, later, during closing argument, referenced the offense, stating that it was not the petitioner's "first time."  A few minutes into deliberations, the jury sent out this question: "We want to know if the prev. conv. was on a child?"  Over defense counsel's objections, Judge Clymer informed the jury that the prior offense involved a person less than fourteen (14) years of age.

As a preliminary matter, the Kentucky Supreme Court quoted *Henry v. United States*, 204 F.2d 817, 820 (6th Cir., 1953), for the proposition that "[t]here is no iron-bound, copper-fastened, double-riveted rule against the admission of evidence after both parties have rested upon their proof and even after the jury has entered upon it deliberations. Considerable latitude in discretion is vested in the trial judge in this respect."  The Court proceeded to identify two sub-issues, to-wit, 1) "whether the Commonwealth could have presented this same evidence [concerning the age of the prior victim] to the jury had it chosen to do so during its case-in-chief," and 2) assuming the Commonwealth could have presented the evidence at any time, was it proper for the trial court to provide the jury with <u>new</u> evidence during deliberations.  The Court analyzed the issues as a matter of state law and answered them in the affirmative.  The magistrate judge concludes that, to the extent the petitioner's claims are grounded in state law, they are not cognizable herein.  <u>See</u> *Estelle v. McGuire*, <u>supra</u>.

The primary constitutional concern implicated by the first sub-issue is that associated with admission of evidence of a criminal defendant's prior crimes and other bad acts.  As a general matter, there is a danger that the jury will convict the defendant, not based upon the evidence, but based upon an assumption that, on the occasion in question, the defendant acted in conformity with his criminal predisposition.  However, in the present case, the jury had already convicted the

4

petitioner before it learned the age of the prior victim. As noted by the Kentucky Supreme Court, "[w]hile it would be inappropriate to introduce evidence of character to prove propensity in the guilt phase of the trial, character and propensity are at the heart of sentencing." In addition, "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir., 2003). Consequently, the state supreme court found no Supreme Court authority and the petitioner has cited us to none to suggest that Judge Clymer´s answer to the jury´s question was "contrary to" clearly established federal law as determined by the United States Supreme Court. See 28 U.S.C. § 2254(d)(1).

As noted above, the second sub-issue is whether it was proper for the trial court to provide the jury with new evidence during deliberations. The primary constitutional concern implicated by the issue is the danger that the jury will place undue emphasis upon evidence delivered by the court itself. As explained by Judge Abramson in his concurring opinion, "[i]nformation conveyed by a trial judge typically is accorded heightened respect by jurors and the potential for undue emphasis is great." The Kentucky Supreme Court found "very little authority about reopening proof after the case has been submitted to the jury and it has begun its deliberations," relying primarily upon *Henry v. United States*, 204 F.2d 817 (6th Cir., 1953), and earlier cases from the 1920's and 1930's. The Court concluded that the constitutional danger in this case was not so great that the petitioner received a "fundamentally unfair trial."

To the extent the constitutional danger was that the jury placed undue emphasis upon evidence related to the petitioner's prior crime, the danger was much less serious in this case because, as we have already observed, it occurred during the penalty phase. Furthermore, like the

5

Kentucky Supreme Court, the magistrate judge has been unable to locate much authority on the issue of reopening proof in general and, frankly, <u>no</u> United States Supreme Court authority addressing the <u>constitutional</u> implications thereof.   The magistrate judge concludes that the Kentucky Supreme Court's determination of the matter did not result in a decision that was "contrary to" or involving an "unreasonable application" of United States Supreme Court precedents as contemplated by 28 U.S.C. § 2254(d).

## RECOMMENDATION

The magistrate judge RECOMMENDS that respondent's motion to dismiss (Docket Entry No. 11) be GRANTED and that the petition pursuant to 28 U.S.C.  § 2254 be DENIED.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court. Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections. A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The original objections shall be sent to the Clerk of Court either electronically or by mail. A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov. Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party. *Thomas v. Arn*, 474 U.S. 140 (1985).